UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Patricia DiCarlo-Fagioli

   v.                                                         Civil No. 14-cv-372-JD
                                                                       Opinion No. 2015 DNH 197

JP Morgan Chase Bank, N.A.

O R D E R

Patricia DiCarlo-Fagioli brought a petition in state court to enjoin the scheduled foreclosure sale of her home by JP Morgan Chase Bank ("Chase").  After the state court enjoined the foreclosure sale, Chase removed the case to this court.  Chase now moves for summary judgment.  DiCarlo-Fagioli did not file a response to the motion for summary judgment.

Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Santangelo v. New York Life Ins. Co., 785 F.3d 65, 68 (1st Cir. 2015).  "A genuine issue is one that can be resolved in favor of either party, and a material fact is one which has the potential of affecting the outcome of the case."

Jakobiec v. Merrill Lynch Life Ins. Co., 711 F.3d 217, 223 (1st Cir. 2013) (internal quotation marks omitted).  In deciding a motion for summary judgment, the court draws all reasonable factual inferences in favor of the nonmovant.  Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012).

Under the local rules of this district, the party moving for summary judgment must file a memorandum in support of the motion that includes a factual statement with appropriate record citations.  LR 56.1(a).  To oppose summary judgment, the nonmoving party also must file a memorandum that includes a factual statement with appropriate record citations.  LR 56.1(b).  When the nonmoving party fails to properly oppose the facts in the moving party's factual statement, the nonmoving party is deemed to have admitted the properly supported facts in the moving party's factual statement.  LR 56.1(b); Fed. R. Civ. P. 56(e)(2).

Because DiCarlo-Fagioli did not file a response to Chase's motion for summary judgment, she is deemed to have admitted the properly supported facts in Chase's factual statement.

## Background

In 2003, DiCarlo-Fagioli obtained a loan and executed a mortgage on property in Salem, New Hampshire.  Chase holds the

note and the mortgage.[1]  DiCarlo-Fagioli applied for loan modifications in 2009 and 2010.

After those applications were denied, DiCarlo-Fagioli applied for loan modification through the "Making Homes Affordable" program.  In November of 2010, Chase offered DiCarlo-Fagioli a three-month trial payment plan.  When she completed the trial successfully, Chase sent DiCarlo-Fagioli a permanent loan modification agreement in March of 2011.  DiCarlo-Fagioli signed the March agreement and returned it to Chase.  Chase did not sign the March agreement, and the agreement was cancelled.

On June 14, 2011, Chase sent DiCarlo-Fagioli a letter to notify her that the March agreement had been cancelled.  In December of 2011, Chase sent DiCarlo-Fagioli a new modification agreement with lower payments than the March agreement.  Chase did not receive a signed copy of the December agreement from DiCarlo-Fagioli.  As a result, Chase sent DiCarlo-Fagioli a letter in February of 2012 to notify her that the December 2011 agreement was denied because she had not returned a signed agreement.  After two more failed attempts at loan modification, the Federal Home Loan Mortgage Company, which now holds the

---

[1] The note and mortgage were originally held by Chase Manhattan Mortgage Corporation, which became JP Morgan Chase Bank through a series of mergers.

mortgage, began foreclosure proceedings on the property in July of 2013.[2]

## Discussion

In her amended complaint, DiCarlo-Fagioli alleges claims of breach of contract and promissory estoppel, arising from Chase's decision not to approve a loan modification agreement in 2011.[3] Chase moves for summary judgment on the grounds that both claims are time barred and, alternatively, that DiCarlo-Fagioli cannot prove either claim. As noted above, DiCarlo-Fagioli did not file a response to the motion for summary judgment.

A.  Statute of Limitations

DiCarlo-Fagioli's claims of breach of contract and promissory estoppel are governed by New Hampshire's statute of limitations, RSA 508:4, which applies to "all personal actions" except slander and libel. See, e.g., Sykes v. RBS Citizens, N.A., 2 F. Supp. 3d 128, 139-40 (D.N.H. 2015). Under RSA 508:4, DiCarlo-Fagioli was required to bring her claims "within 3 years of the act or omission complained of" unless the discovery rule

---

[2] Chase assigned the mortgage to the Federal Home Loan Mortgage Company in October of 2012.

[3] The injunction against foreclosure issued by the state court was dissolved by this court on November 24, 2014. DiCarlo-Fagioli no longer seeks injunctive relief against foreclosure. proceedings.

4

would apply or another ground for tolling the limitations period existed.  RSA 508:4.  DiCarlo-Fagioli has not raised the discovery rule or any ground for tolling the limitations period.

Chase contends that DiCarlo-Fagioli alleges for purposes of her breach of contract claim and her promissory estoppel claim that Chase failed to perform under the March 2011 loan modification agreement.[4]  Chase argues that DiCarlo-Fagioli had notice through the June 14, 2011, letter that the loan modification agreement had not been approved.  Because DiCarlo-Fagioli did not bring suit until August 25, 2014, Chase asserts that her claims are time barred.

In the absence of any response from DiCarlo-Fagioli, the properly-supported facts provided by Chase are deemed to be admitted.  DiCarlo-Fagioli has not argued that the "act or omission complained of" occurred after June 14, 2011, nor has she raised any grounds to toll the statute of limitations.  Therefore, based on the record presented, the claims were filed too late.

B.  Claims on the Merits

Chase also seeks summary judgment on the ground that DiCarlo-Fagioli cannot prove either of her claims.  In support,

---

[4] As alleged, the claims arise from the March 2011 loan modification agreement.

Chase asserts that no contract existed, so that no breach occurred, and that no evidence supports a promissory estoppel claim. Even if the claims were not time barred, they would not survive summary judgment on the merits.

1. Breach of Contract

"A valid, enforceable contract requires offer, acceptance, consideration, and a meeting of the minds." Tessier v. Rockefeller, 162 N.H. 324, 339 (2011). "A breach of contract occurs when there is a failure without legal excuse to perform any promise which forms the whole or part of a contract." Audette v. Cummings, 165 N.H. 763, 767 (2013) (internal quotation marks omitted).

In her amended complaint, DiCarlo-Fagioli alleges that she accepted Chase's offer of a Loan Modification Agreement on March 3, 2011. Without providing a date, DiCarlo-Fagioli alleges that "Chase breached the permanent Loan Modification Agreement by not honoring the loan modification agreement, attempting to unilaterally revise the contract because of Chase's sole mistake, after the contract became binding."

DiCarlo-Fagioli acknowledged at her deposition, however, that the loan agreement explicitly stated that the loan would not be modified unless Chase accepted the agreement by signing it and sending a copy to her. She conceded that the agreement

6

she signed was not signed by Chase. She also acknowledged that Chase sent her the June 14 letter, notifying her that her loan modification had been denied.

In the absence of a loan modification agreement signed by Chase, DiCarlo-Fagioli's loan was not modified. As no contract existed, none was breached.

### 2. Promissory Estoppel

The doctrine of promissory estoppel supports a cause of action when a party makes a promise and the recipient of the promise reasonably relies on the promise to her detriment. Pro Mod Realty, LLC v. U.S. Bank Nat'l Ass'n, 2014 DNH 069, 2014 WL 1379341, at *1 (D.N.H. Apr. 9, 2014) (citing Panto v. Moore Bus. Forms, Inc., 130 N.H. 730, 738 (1988)). As such, under New Hampshire law, a claim of promissory estoppel is limited to reasonable and detrimental reliance. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 92 (1st Cir. 2014).

DiCarlo-Fagioli alleges that Chase promised that it would modify her loan or already had modified the loan and that those representations were intended to induce her to make payments and to forego "other remedies, solutions or strategies." She further alleges that she relied on those promises and, in reliance, made payments to Chase and did not pursue "other remedies, solutions or strategies." She contends that her

7

reliance was reasonable because of the language in the loan modification agreement and oral representations made by Chase representatives.

Chase contends that DiCarlo-Fagioli did not reasonably or detrimentally rely on any promise to modify the loan. An offer to consider loan modification is not a promise for purposes of promissory estoppel. Ruivo, 766 F.3d at 92; see also Leonard v. PNC Bank, NA, 2014 WL 1117990, at *19 (D. Mass. Mar. 18, 2014). Further, making payments on a mortgage, modified or not, is not detrimental reliance because DiCarlo-Fagioli was required to make mortgage payments to avoid foreclosure. Cf. Dixon v. Wels Fargo Bank, N.A., 798 F. Supp. 2d 336, 346 (D. Mass. 2011) (finding detrimental reliance where mortgagor stopped making payments in reliance on bank's promise of loan modification and bank then foreclosed). In addition, DiCarlo-Fagioli has not shown that she lost any other remedies, solutions, or strategies to avoid foreclosure on her home. See MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 497 (1st Cir. 2013); Pro Mod Realty, LLC, 2014 WL 1379341, at *3.

Therefore, Chase is entitled to summary judgment on DiCarlo-Fagioli's promissory estoppel claim.

Conclusion

For the foregoing reasons, the defendant's motion for summary judgment (document no. 12) is granted. The defendant's motion to compel discovery (document no. 14) is terminated as moot.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

Joseph A. DiClerico, Jr.

Joseph DiClerico, Jr.
United States District Judge

October 20, 2015

cc: Dawn E. DiManna, Esq.
Nathan Reed Fennessy, Esq.